IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **JEFFREY MADISON, PEGGY BORGFELD, RYAN DOWNTON, KEVIN OWENS,  JEFF AND ASHLEY MADISON TRUST,  KEVIN J. OWENS MANAGEMENT TRUST,** | § § § § § § § § | **W-20-CV-00835-ADA-DTG** |
| *Plaintiffs,* | § | |
| *v.* | § | |
| **HEALTH CARE SERVICES CORPORATION, A MUTUAL LEGAL RESERVE COMPANY;** | | |
| *Defendant.* | | |

REPORT AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>

TO:    THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. §

636(b)(1)(C), Fed. R. Civ. P.  72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of

the United States District Court for the Western District of Texas, Local Rules for the Assignment

of Duties to United States Magistrate Judges. Before the Court is the Motion of Blue Cross and

Blue Shield of Texas to Dismiss Plaintiffs' First Amended Complaint (ECF No. 35). The Court

held a hearing on July 12, 2022. After careful consideration of the briefs, arguments of counsel,

and the applicable law, the Court **RECOMMENDS** that the Motion be **GRANTED IN PART**.

## I.    FACTUAL BACKGROUND

Plaintiffs bring claims of violation of the Lanham Act, defamation, business

disparagement, tortious interference with prospective business relationships, unfair competition,

RICO violations, and intentional infliction of emotional distress.[1] ECF No. 32. Plaintiffs are the former executive officers of Little River and/or equity stakeholders in Little River. ECF No. 32 ¶¶ 1–4. Little River is a rural hospital that is currently in Chapter 7 bankruptcy. ECF No. 32 ¶ 54. The present lawsuit arises out of a medical laboratory billing dispute. Plaintiffs allege that BCBSTX made "false and malicious statements about Little River" which prevented Plaintiffs from selling their equity interest, "explicitly encouraged its preferred laboratory provider…to 'recruit' physicians who referred patients to Little River to get them to switch their referrals to Quest," and "directed other insurance companies to target Little River, stop paying it for lab services, and renegotiate their contracts with Little River to reduce payment amounts" ECF No. 32 ¶¶ 54–56.

BCBSTX filed a Motion to Dismiss in which it challenges Plaintiffs' claims, asserting that Plaintiffs' lack the capacity to sue, the claims are barred by res judicata, the claims are time-barred, and Plaintiffs' have not adequately plead their claims. ECF No. 35.

## II.    LEGAL STANDARD

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* However, in resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, . . . but whether [the] complaint was sufficient to cross the federal court's

---

[1] Plaintiffs also alleged violations of the Texas Free Enterprise and Antitrust Act of 1983, the Clayton Act, and the Sherman Act, but have voluntarily dismissed these claims.

threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

## III.   DISCUSSION

BCBSTX lodges a multifaceted attack on Plaintiffs' amended complaint. BCBSTX asserts that: (1) threshold issues including capacity to sue and res judicata bar all of Plaintiffs' claims except for intentional infliction of emotional distress; (2) most of Plaintiffs' claims are time-barred; and (3) Plaintiffs have failed to adequately plead each of their claims.

### A.  Res Judicata

BCBSTX asserts that the First Amended Complaint should be dismissed in its entirety because all of Plaintiffs' claims against BCBSTX are barred by res judicata based on the previous arbitration between Little River and BCBSTX. ECF No. 35 at 11. Plaintiffs contend that it is premature to determine the merits of res judicata at this stage in litigation, as "a res judicata contention cannot be brought in a motion to dismiss." ECF No. 37 at 12 (quoting *Test Masters Educ. Serv., Inc. v. Singh*, 428 F.3d 559, n.2 (5th Cir. 2005)).

Res judicata is an affirmative defense, and only in limited circumstances will a 12(b)(6) dismissal based on an affirmative defense be appropriate. A successful affirmative defense must appear clearly on the face of the pleadings to warrant dismissal under 12(b)(6). *Clark v. Amoco Production Co.*, 794 F.2d 967, 970 (5th Cir. 1986). "With respect to a specific affirmative defense such as res judicata, the rule seems to be that if the facts are admitted or are not controverted or are conclusively established so that nothing further can be developed by a trial of the issue, the matter must be disposed of upon a motion to dismiss." *Larter & Sons, Inc. v. Dinkler Hotels Co.*,

199 F.2d 854, 855 (5th Cir. 1952). In the Fifth Circuit, res judicata bars a claim if the following requirements are satisfied: (1) the parties are identical in both actions, (2) the prior judgment was rendered by a court of competent jurisdiction, (3) the prior judgment was final "on the merits," and (4) the two cases involve the same cause of action. *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000); *Travelers Ins. Co. v. St. Jude Hosp.*, 37 F.3d 193, 195 (5th Cir. 1994).

The Court finds that it is not appropriate to decide the merits of BCBSTX's res judicata defense at the 12(b)(6) stage. A successful res judicata defense does not appear clearly on the face of Plaintiffs' amended complaint. For example, the arbitration was between Little River and BCBSTX, but Little River is not a plaintiff in the current lawsuit. *See generally* ECF No. 32. Thus, the identical parties requirement of res judicata does not appear clearly on the face of Plaintiffs' amended complaint. The appropriateness of applying a res judicata defense is hotly contested. The Court therefore **DENIES** the request to apply res judicata at this stage of the lawsuit. However, this ruling is without prejudice to BCBSTX filing a later motion based on res judicata.

## B.  Capacity to Sue

BCBSTX alleges that Plaintiffs lack the capacity to bring all asserted claims except for intentional infliction of emotional distress because the bankruptcy trustee is the exclusive party authorized to bring the claims at issue. ECF No. 35 at 8. BCBSTX also alleges that under Texas law, corporate owners are barred from suing on behalf of the corporation. *Id.* at 9. Plaintiffs dispute this, claiming that they only seek their own direct claims and independent damages. ECF No. 37 at 2.

According to BCBSTX, under 11 U.S.C. § 541(a)(1), a bankruptcy estate's property includes "all legal or equitable interests of the debtor in property as of the commencement of the case." ECF No 35 at 8. "Legal and equitable interests" include legal claims, thus when the claim

4

alleges direct harm to the debtor, that claim belongs to the estate and the bankruptcy trustee is the only party that has capacity to bring the claim. *Id.* (citing *matter of S.I. Acquisition*, 817 F.2d 1142, 1153–54 (5th Cir. 1987)).

Plaintiffs claim that because they are only seeking their own independent damages and disclaim any recovery of damages belonging to the bankruptcy estate, they have standing to bring all asserted causes of action. ECF No. 37 at 2. Plaintiffs assert that they have a right to sue for lost equity value because even if the bankruptcy estate could make a claim for shareholder equity value, an award of damages for lost equity value to the estate will not make Plaintiffs whole given that the bankruptcy Trustee has agreed to give 70% of any estate recovery from BCBSTX to the estate's former secured creditor. ECF No. 37 at 4. Plaintiffs further claim that the estate and a creditor may have separate claims against BCBSTX arising out of the same events. *Id.* (citing *In re Buccaneer Res., L.L.C.*, 912 F.3d 291 (5th Cir. 2019)).

Plaintiffs have alleged injuries that are all derivative of actions BCBSTX allegedly took against Little River, not Plaintiffs. Plaintiffs' complaint demonstrates that the alleged conduct was directed at Little River. The alleged harm done to Plaintiffs arises solely from the alleged harm to Little River.

The Bankruptcy Code vests all property of the bankruptcy estate in the debtor. 11 U.S.C. § 541(a)(1). Causes of action are included as property. The bankruptcy trustee owns all of the debtor's causes of action. Thus, the bankruptcy trustee owns all of Little River's causes of action against BCBSTX arising out of alleged conduct directed towards Little River.

Plaintiffs have not alleged any harm that does not arise out of conduct directed towards Little River. As a result, Plaintiffs do not have the requisite capacity to sue BCBSTX for all claims asserted in this action except for their claims of intentional infliction of emotional distress.

Notably, the Trustee is pursuing similar causes of action against BCBSTX in an adversary proceeding in bankruptcy court. A review of the complaint in this action and the complaint in the Trustee's adversary proceeding reveals that the alleged facts in both complaints are largely identical. Both complaints assert that Little River grew as a rural healthcare provider and was targeted by BCBSTX, resulting in Little River's massive financial losses. Both complaints focus almost exclusively on the actions of BCBSTX against Little River—not the Plaintiffs. This supports the finding that the claims belong to the Trustee, not the Plaintiffs.

Throughout Plaintiffs' Response, Plaintiffs contend that they have *standing* to bring all asserted claims, claiming that BCBSTX's motion is a challenge to Plaintiffs' standing. *See generally* ECF No. 37. However, BCBSTX does not assert that Plaintiffs lack *standing*; rather, BCBSTX asserts that Plaintiffs lack *capacity* to sue. *See* ECF No. 35. Standing and capacity are not the same legal requirement—both capacity and standing are necessary to bring a lawsuit. "A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Coastal Liquids Transp., L.P. v. Harris Cty. Appraisal Dist.*, 46 S.W.3d 880, 884 (Tex. 2001); *see also Greener v. Cadle Co.*, 298 B.R. 82, 87 ("Capacity is a party's legal authority to go into court and prosecute or defend a suit, whereas standing is a party's justiciable interest in the suit and is a component of subject matter jurisdiction."). Plaintiffs cite to cases for the law on standing. *See* ECF No. 37 at 3 (citing *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 776 (Tex. 2020) ("[W]e hold that a partner or other stakeholder in a business organization has constitutional standing to sue for an alleged loss in the value of its interest in the organization.")). But whether a stakeholder in a business organization has constitutional standing to sue for lost equity value simply addresses whether the stakeholder has suffered an actual

justiciable injury, not whether the stakeholder has capacity to sue for lost equity value. And the Texas Supreme Court has recently confirmed that challenges to a stakeholder's ability to sue based on harms to a business is not a matter of standing, but a matter of legal capacity to bring suit. *Pike*, 610 S.W.3d at 779. While Plaintiffs may have suffered an injury sufficient to confer standing, they are not the appropriate party to bring suit—thus Plaintiffs lack capacity.

Plaintiffs' arguments regarding the Trustee's agreement to give 70% of any estate recovery from BCBSTX to the estate's former secured creditor are not persuasive. Plaintiffs claim that because of this agreement, any recovery by the estate will not make Plaintiffs whole, which is the basis of the equitable prudential rule. ECF No. 37 at 4. Plaintiffs attempt to circumvent the hierarchy of claims. It is well-settled that secured creditors have priority over unsecured creditors, which takes priority over equity claims.

Plaintiffs lack capacity to assert all claims except for their claims of intentional infliction of emotional distress as currently pled (Lanham Act and unfair competition, defamation, business disparagement, tortious interference with prospective business relations, and civil RICO). However, with respect to Plaintiffs' claims of defamation and tortious interference with prospective business relations, some ambiguity exists as to whether Plaintiffs are alleging harms independent of the harms done to Little River. Defendant's Motion should be GRANTED on Plaintiffs' claims of violation of the Lanham Act, unfair competition, defamation, business disparagement, tortious interference with prospective business relations, and civil RICO.

Plaintiffs do not have capacity to assert their defamation claims as currently pled. Plaintiffs do not allege that they were ever mentioned by name in the allegedly defamatory statements. Plaintiffs have asserted that they don't have to be referenced in the complained-of statement if it is clear to those who know Plaintiffs that the statement is directed to them. ECF No. 37 at 17–18.

Plaintiffs do not allege that they were ever mentioned by name, but in response to BCBSTX's motion to dismiss claim that they are the public faces of Little River. *Id.* at 18. Thus, as the complaint stands now, the only alleged defamation was against Little River and Plaintiffs do not have capacity to sue. However, Plaintiffs should be granted leave to amend their complaint with respect to defamation claim to allege facts supporting their claim that they are the public faces of Little River. The Court recommends that Defendant's Motion should be GRANTED on Plaintiffs' defamation claim, but Plaintiffs should be given leave to amend and replead this claim.

During the hearing on the motion to dismiss, Plaintiffs orally claimed that with respect to their claim for tortious interference with prospective business relations, Plaintiffs are complaining of a lost real estate opportunity. Plaintiffs' responsive briefing makes no mention of a lost real estate opportunity. However, a review of the amended complaint indicates that Plaintiffs do address the Georgetown Surgery Center, a real estate opportunity that Plaintiffs had taken steps toward developing "through an entity other than Little River." *See* ECF No. 32 at ¶ 13 ("Plaintiffs planned to continue expanding by building a surgery center in Georgetown, Texas in 2017…Plaintiffs, through an entity other than Little River, had already acquired the land and secured development commitments. Plaintiffs were each going to individually invest in the Georgetown Surgery Center."). Plaintiffs' Complaint does not factually connect any alleged wrongdoing by BCBSTX to this lost real estate opportunity. Plaintiffs therefore have failed to state a claim, but should be granted leave to amend the claim. The Court recommends that Defendants Motion should be **GRANTED** on Plaintiffs' tortious interference with business relations claim, but Plaintiffs should be given leave to amend and replead this claim.

### C.  Statute of Limitations

Defendant asserts that Plaintiffs' unfair competition, defamation, business disparagement, tortious interference with prospective business relations, and intentional infliction of emotional distress claims are barred by the statute of limitations. ECF No. 35 at 13–29. Plaintiffs allege that because they affirmatively pled the discovery rule in their complaint the statute of limitations does not apply. ECF No. 37 at 30.

BCBSTX asserts that the discovery rule does not apply to Plaintiffs' claims. ECF No. 40. Given that the Court recommends dismissing all claims except for intentional infliction of emotional distress and granting leave to replead Plaintiffs' defamation and tortious interference with prospective business relations claim, the Court does not address the statute of limitations for Plaintiffs' unfair competition and business disparagement claims.

Under Texas law, the discovery rule defers accrual of a cause of action if (1) the nature of the injury incurred is "inherently undiscoverable," and (2) the evidence of injury is "objectively verifiable." *Barker v. Eckman*, 213 S.W.3d 306, 312 (Tex. 2006). BCBSTX asserts that the discovery rule does not apply to defamation claims. ECF No. 40 at 7. However, Texas law does not bar application of the discovery rule in all defamation cases. Instead, the Texas Supreme Court has noted that it has only applied the discovery rule to defamation claims "in the narrow circumstance involving a person's discovery of allegedly libelous information filed with a credit agency" and indicated that "the discovery rule would rarely extend to other contexts." *Hogan v. Zoanni*, 627 S.W.3d 163, 172 (Tex. 2021). The parties have not thoroughly briefed whether Texas courts would apply the discovery rule in this context. While it may be unlikely that the discovery rule applies to Plaintiffs' defamation claim, at the present 12(b)(6) stage the Court cannot say that as a matter of law the discovery rule does not apply to Plaintiffs' defamation claim (and thus

Plaintiffs' tortious interference with prospective business relations claim, as the alleged tortious interference is based on the defamation). The statute of limitations is an affirmative defense. *Huawei Techs. Co. v. Yiren Huang*, No. 4:17-CV-00893, 2018 WL 1964180, at \*10 (E.D. Tex. Apr. 25, 2018) (citing *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *Norgart v. Upjohn Co.*, 981 P.2d 79, 87 (Cal. 1999)). Thus, in a motion to dismiss under Rule 12(b)(6), movants "bear the burden of establishing as a matter of law that the statute of limitations applies to [p]laintiffs' claims" despite the discovery rule. *Id*. Texas and Fifth Circuit cases involving the discovery rule indicate that "dismissal typically occurs at the summary judgment phase, after facts added to the record can lead to more fully formed conclusions." *Brandau v. Howmedica Osteonics Corp.*, 439 F. App'x. 317, 322 (5th Cir. 2011).

Similarly, with respect to Plaintiffs' claim for intentional infliction of emotional distress, BCBSTX has not met its burden to establish that statute of limitations applies despite the discovery rule. BCBSTX asserts that Plaintiffs "cite no authority—and BCBSTX has found none—applying the discovery rule to IIED claims under Texas law." ECF No. 40 at 15. This falls short of establishing as a matter of law that the statute of limitations applies despite the discovery rule. As a 12(b)(6) motion, it is BCBSTX's burden to prove it is entitled to dismissal and Defendant has not established that the Texas Supreme Court would *not* apply the discovery rule.

As a result, the Court recommends that BCBSTX's motion to dismiss based on the statute of limitations should be **DENIED**.

### D. Adequacy of Pleading

BCBSTX asserts that "each of Plaintiffs' claims suffer from multiple pleading flaws that justify dismissal." ECF No. 35 at 13. The Court has already addressed the adequacy of Plaintiffs'

pleading with respect to their defamation and tortious interference with prospective business relations claim.[2]

BCBSTX claims that Plaintiffs have not adequately pleaded a claim for intentional infliction of emotional distress. ECF 35 at 29. BCBSTX asserts that because "the gravamen of the IIED claim is other torts," intentional infliction of emotional distress is unavailable. ECF No. 35 at 29–30. BCBSTX further claims that Plaintiffs' allegations of "extreme and outrageous behavior" is conclusory. *Id.* at 30.

Plaintiffs agree that they cannot recover for intentional infliction of emotional distress in addition to the other causes of action, but that intentional infliction of emotional distress should reman as an appropriate gap filler if they are precluded from pursuing the other causes of action. ECF No. 37 at 29. Plaintiffs also argue that they have adequately pled "extreme and outrageous conduct" by BCBSTX by alleging that "BCBSTX: (1) directed people to lie to physicians to take business away from Little River; (2) wrongly accused Little River of fraud in communications to other insurance companies; and (3) wrongly accused Little River of fraud in communications with government officials—all for the purpose of destroying Plaintiffs' reputation and business, which resulted in Plaintiffs' justifiable fear of wrongful criminal prosecution." ECF No. 37 at 29.

The Court finds that Plaintiffs have sufficiently pled their intentional infliction of emotional distress claims. BCBSTX has not met its burden to establish that intentional infliction of emotional distress is not available to Plaintiffs in this case. Plaintiffs recognize that intentional infliction of emotional distress is only a "gap-filler" should they be precluded from pursuing the other asserted causes of action, most of which the Court has recommended dismissing. Further,

---

[2] Plaintiffs' exemplary damages claim is predicated on its success on its defamation, business disparagement, and Lanham Act claims. As the Court recommends that each of these claims should be dismissed, so should Plaintiffs' exemplary damages claim. However, as the Court recommends granting Plaintiffs leave to replead its defamation claims and may therefore replead exemplary damages based on the defamation claims.

Plaintiffs' complaint lays out sufficient factual allegations that, if true, states a plausible right to relief against BCBSTX. Taking Plaintiffs' detailed allegations about BCBSTX's actions as true, it is reasonable to infer that BCBSTX's actions amount to "extreme and outrageous conduct." The Court therefore recommends that BCBSTX's motion to dismiss Plaintiffs' claim of intentional infliction of emotional distress should therefore be **DENIED**.

## IV.    RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that BCBSTX's Motion (ECF No. 35) be **GRANTED IN PART** as to Plaintiffs' claims of Lanham Act and unfair competition, defamation, business disparagement, tortious interference with prospective business relations, and civil RICO with leave to amend the defamation and tortious interference with prospective business relationships claims, and **DENIED** as to Plaintiffs' claim of intentional infliction of emotional distress. The Court further recommends that should Plaintiffs decide to replead their claims of defamation and tortious interference with prospective business relationships, such pleading should be filed within 14 days of the date of this order.

## V.    OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and

recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

SIGNED this 24th day of October, 2022.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE