**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **JEFFREY MADISON,** | § | |
| *Plaintiff,* | § | |
| | § | **W-20-CV-00835-ADA-DTG** |
| *v.* | § | |
| | § | |
| **HEALTH CARE SERVICES** | § | |
| **CORPORATION, A MUTUAL LEGAL** | § | |
| **RESERVE COMPANY;** | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

TO:   **THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P.  72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant Blue Cross and Blue Shield of Texas's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 89). The Court heard argument on the Motion to Dismiss on February 17, 2023. After careful consideration of the briefs, arguments of counsel, and the applicable law, the Court **RECOMMENDS** that the Motion be **DENIED**.

## I.  FACTUAL BACKGROUND

Jeffrey Madison, Peggy Borgfeld, Ryan Downton, Kevin Owens, Jeff and Ashley Madison Trust, and Kevin J. Owens Management Trust brought claims of violation of the Lanham Act, defamation, business disparagement, tortious interference with prospective business relationships, unfair competition, RICO violations, and intentional infliction of

1

emotional distress. ECF No. 32. The present lawsuit arises out of a medical laboratory billing dispute. BCBSTX filed a Motion to Dismiss in which it challenged these claims, asserting that Plaintiffs' lacked the capacity to sue, the claims are barred by res judicata, the claims are time-barred, and Plaintiffs' have not adequately plead their claims. ECF No. 35. The undersigned recommended granting the Motion to Dismiss with respect to all of Plaintiffs' claims except for their claim of intentional infliction of emotional distress, and granted Plaintiffs leave to replead their claims of defamation and tortious interference with prospective business relationships. ECF No. 67. The district court adopted the Report & Recommendation. ECF No. 82. Afterwards, Peggy Borgfeld, Ryan Downton, and Kevin Owens voluntarily dismissed their claims. ECF No. 86. The Jeff and Ashley Madison Trust and Kevin J. Owens Management Trust allowed the deadline to replead to pass without doing so, and the Second Amended Complaint omitted these plaintiffs. ECF No. 85.

Plaintiff Jeffrey Madison filed a Second Amended Complaint in which he asserts claims of defamation, intentional infliction of emotional distress, and tortious interference with prospective business relationships. ECF No. 85. Defendant filed a Motion to Dismiss the Second Amended Complaint, and the Court heard argument on the Motion to Dismiss on February 17, 2023.

## II.  LEGAL STANDARD

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more

2

than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* However, in resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, . . . but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

## III.  DISCUSSION

### A.  Capacity (Counts I [Defamation Prior While Little River Was Operational] and IV [Tortious Interference with Prospective Business Relationships])

Defendant alleges that despite repleading, Madison still lacks capacity to bring Counts I and IV because those claims belong to Little River's bankruptcy estate.

As this Court has previously recognized, under 11 U.S.C. § 541(a)(1), a bankruptcy estate's property includes "all legal or equitable interests of the debtor in property as of the commencement of the case." "Legal and equitable interests" include legal claims; thus, when the claim alleges direct harm to the debtor, that claim belongs to the estate and the bankruptcy trustee is the only party that has capacity to bring the claim.

Plaintiff has pled sufficient facts to establish his capacity to bring the asserted causes of action. "'[T]o recover individually, a stockholder must prove a personal cause of action and a personal injury.'" *Pike v. Texas EMC Mgmt, LLC*, 610 S.W.3d 763, 775 (Tex. 2020). Plaintiff has pled that he was going to be an individual investor in a surgical center, and "BCBSTX's actions prevented the completion of the Georgetown Surgery center, preventing Madison from profiting off of that investment." ECF No. 85 ¶ 9. Plaintiff also alleges that he did all of the

negotiation for Little River, and when physicians were unfamiliar with Little River, others described it as "Jeff Madison's company." *Id.* This provides sufficient factual allegations that Plaintiff was the public face of Little River. While the complained-of conduct may include overlap with causes of action belonging to Little River's bankruptcy estate, there are sufficient allegations of conduct directed at Plaintiff. Therefore, Plaintiff does not lack capacity to assert Counts I and IV.

### B.  Adequacy of Pleading

#### a.  Defamation Prior While Little River Was Operational (Count I)

Defendant alleges that Plaintiff's defamation claim should be dismissed because the Second Amended Complaint does not plead any facts supporting Madison's assertion that any statements about Little River should be imputed to him. ECF No. 89 at 12.

Plaintiff has sufficiently plead his defamation claim. As discussed above, Plaintiff alleges that he did all of the negotiation for Little River, and when physicians were unfamiliar with Little River, others described it as "Jeff Madison's company." ECF No. 85 ¶ 9. Plaintiff also alleges that "[f]rom the physicians' perspective, Madison *was* Little River." *Id.* These facts, taken as true, state a plausible right to relief. The Court therefore recommends that Defendant's Motion to Dismiss Count I be denied.

#### b.  Intentional Infliction of Emotional Distress (Count II)

Defendant once again asserts that Plaintiff has not sufficiently pled his intentional infliction of emotional distress claim (Count II). The Court previously found that Plaintiff had sufficiently pled this claim. ECF No. 67 at 11–12. Defendant has not met its burden to establish that intentional infliction of emotional distress is not available to Plaintiff in this case. The Court

therefore recommends that Defendant's Motion to Dismiss Plaintiff's claim of intentional infliction of emotional distress (Count II) should again be denied.

### c. Defamation After Little River Ceased Operations (Count III)

Plaintiff asserts a claim for defamation based on a motion to compel that Defendant filed in the Trustee's adversary proceeding. ECF No. 85 ¶ 44. Defendant claims that this defamation claim is barred by the judicial-proceedings privilege. ECF No. 89 at 17–18. Plaintiff argues that the Court should not dismiss Plaintiff's claim because the judicial-proceedings privilege is an affirmative defense that Defendant must prove with facts that its filing was both related to its lawsuit and Little River and that its use in the motion to compel was in furtherance of the case.

The Court recommends that the Motion to Dismiss Count III be denied because the Second Amended Complaint "does not show on its face that all of Defendant['s] alleged wrongful actions are protected by the litigation privilege." *U.S. Enercorp, Ltd. v. SDC Montana Bakken Explor., LLC*, 966 F.Supp.2d 690, 707 (W.D. Tex. 2013). Defendant's arguments are better suited for determination on the merits at a later stage in the case, such as on summary judgment.

### d. Tortious Interference with Prospective Business Relationships (Count IV)

Defendant asserts that Plaintiff has not sufficiently plead his tortious interference with prospective business relationships claim, because he has not plead that there was a reasonable probability that he would enter into a business relationship related to the Georgetown Surgery Center. ECF No. 89 at 18.

Plaintiff has sufficiently plead a tortious interference with prospective business relationships claim. He alleges that he was going to be a "key investor" in the Georgetown Surgery Center, had acquired the land for the Georgetown Surgery Center through an entity other

than Little River, secured development commitments, and planned to individually invest. ECF No. 85 ¶¶ 9, 68, 30. Plaintiff alleges that Defendant's conduct forced Plaintiff to abandon plans to build the Georgetown Surgery Center. *Id.* at ¶ 10. These factual allegations, taken as true, state a plausible right to relief on Plaintiff's tortious interference with prospective business relationships claim. The Court therefore recommends that Defendant's Motion to Dismiss Count IV be denied.

### C.  Statute of Limitations

Defendant asserts that all of Plaintiff's claims of defamation (Count I), intentional infliction of emotional distress (Count II), and tortious interference with prospective business relationships (Count IV) are time-barred. ECF No. 89 at 19. Plaintiff relies on the discovery rule, but Defendant claims that the discovery rule does not apply to Plaintiff's claims. *Id.* at 20. Defendant re-urges the same arguments that this Court previously rejected. *See* ECF No. 89 (motion to dismiss second amended complaint); ECF No. 67 (Report and Recommendation on Defendant's motion to dismiss first amended complaint).

Under Texas law, the discovery rule defers accrual of a cause of action if (1) the nature of the injury incurred is "inherently undiscoverable," and (2) the evidence of injury is "objectively verifiable." *Barker v. Eckman*, 213 S.W.3d 306, 312 (Tex. 2006). Texas law does not bar application of the discovery rule in all defamation cases. Instead, the Texas Supreme Court has noted that it has only applied the discovery rule to defamation claims "in the narrow circumstance involving a person's discovery of allegedly libelous information filed with a credit agency" and indicated that "the discovery rule would rarely extend to other contexts." *Hogan v. Zoanni*, 627 S.W.3d 163, 172 (Tex. 2021). Defendant did not provide additional briefing in this Motion to Dismiss regarding whether Texas courts would apply the discovery rule in this

context, and instead relies on the same arguments as its first Motion to Dismiss. The Court again finds that while it may be unlikely that the discovery rule applies to Plaintiff's defamation claims, at the present 12(b)(6) stage the Court cannot say that as a matter of law the discovery rule does not apply to Plaintiff's defamation claims (and thus Plaintiff's tortious interference with prospective business relations claim, as the alleged tortious interference is based on the defamation). The statute of limitations is an affirmative defense. *Huawei Techs. Co. v. Yiren Huang*, No. 4:17-CV-00893, 2018 WL 1964180, at \*10 (E.D. Tex. Apr. 25, 2018) (citing *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *Norgart v. Upjohn Co.*, 981 P.2d 79, 87 (Cal. 1999)). Thus, in a motion to dismiss under Rule 12(b)(6), movants "bear the burden of establishing as a matter of law that the statute of limitations applies to [p]laintiffs' claims" despite the discovery rule. *Id*. Texas and Fifth Circuit cases involving the discovery rule indicate that "dismissal typically occurs at the summary judgment phase, after facts added to the record can lead to more fully formed conclusions." *Brandau v. Howmedica Osteonics Corp.*, 439 F. App'x. 317, 322 (5th Cir. 2011).

Similarly, with respect to Plaintiff's claim for intentional infliction of emotional distress, Defendant has not met its burden to establish that statute of limitations applies despite the discovery rule. Defendant states that the "Texas Supreme Court has never extended the discovery rule to IIED." ECF No. 89 at 20. This falls short of establishing as a matter of law that the statute of limitations applies despite the discovery rule. Defendant has not conclusively established that the Texas Supreme Court would *not* apply the discovery rule.

As a result, the Court once again recommends that Defendant's motion to dismiss based on the statute of limitations should be denied.

## IV.    RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Defendant's Motion to Dismiss (ECF No. 89) be **DENIED**.

## V.    OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

SIGNED this 3rd day of March, 2023.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE